19-3347
Wu v. Wilkinson

BIA
Wright, IJ
A206 287 902

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

HAIPENG WU,
> *Petitioner,*

v.

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

19-3347
NAC

_____

FOR PETITIONER:         Mike P. Gao, Esq., Flushing, NY.

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Robert M. Wilkinson is automatically substituted for former Attorney General William P. Barr.

**FOR RESPONDENT:** [VACANT], Assistant Attorney General; Jeffrey C. Leist, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haipeng Wu, a native and citizen of the People's Republic of China, seeks review of a September 30, 2019 decision of the BIA affirming a March 1, 2018 decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Haipeng Wu,* No. A206 287 902 (B.I.A. Sept. 30, 2019), *aff'g* No. A 206 287 902 (Immig. Ct. N.Y. City Mar. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the BIA's factual findings under the substantial evidence standard, including those underlying the

2

immigration court's determination that an alien has failed to satisfy his burden of proof." *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (internal quotation marks omitted).

We find no error in the agency's conclusion that Wu failed to meet his burden of proof. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration," but the factfinder weighs the testimony and other evidence and, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). An applicant's failure to present reasonably available corroboration "can suffice, without more, to support a finding that an alien has not met his burden of proof." *Chuilu Liu*, 575 F.3d at 198 n.5. While an IJ must "point[] to specific pieces of missing, relevant documentation" and "show[] that this documentation was reasonably available," the law does not require the IJ to identify missing evidence "*prior* to the IJ's disposition of the alien's claim." *Id.* at 198; *Wei Sun v. Sessions*, 883

3

F.3d 23, 31 (2d Cir. 2018). Where the applicant has an opportunity to explain the absence of that evidence and the IJ assesses any explanation given, *Wei Sun*, 883 F.3d at 31, we will remand only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable," 8 U.S.C. § 1252(b)(4).[1]

Here, the agency reasonably determined that Wu failed to adequately corroborate that he was a practicing Christian or that he would have a well-founded fear of future religious persecution. To begin, Wu failed to provide any evidence from anyone who had direct knowledge of his recent religious activities – an omission made more troubling by Wu's admittedly sporadic church attendence from May 2014 through May 2017. Although Wu explained that his pastor was busy and might have required payment for a letter and that other people at his church were too afraid of immigration authorities to provide statements, these explanations do not compel the conclusion that such evidence was unavailable. *See id.* Notably, Wu did not testify that his pastor refused to provide

---

[1] Although Wu did not challenge the IJ's corroboration finding when he appealed to the BIA, we deem his challenge exhausted because the BIA considered the finding. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir. 2006).

a letter, and the fact that some individuals who attend his church feared immigration authorities does not compel the conclusion that none could have provided written statements or testimony to corroborate Wu's account. And even after the IJ's opinion carefully considered these glaring shortcomings and rejected Wu's explanations for them, Wu neither challenged the IJ's corroboration finding on appeal to the BIA nor offered any further "explanation for the failure to provide such corroborating evidence, either in a motion to reopen or on appeal to the BIA." *See Chuilu Liu*, 575 F.3d at 199. Under these circumstances, the record does not compel reversal of the agency's findings. *Id.*

Because Wu's failure to meet his burden of proof as to this sole basis for his fear of persecution or torture is dispositive, *see* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.16(c)(2), we do not reach the agency's alternate conclusion that, assuming Wu is a practicing Christian, he failed to show a well-founded fear of persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

5

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
